## ABAT VS. HOLMES.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where three individuals are bound *in solido* for the whole amount of a note, if the holder occept a less sum from two of the drawers, who are released from responsibility, the endorser is discharged.

The holder of a note has no right to change the obligation of the makers, without the consent of the endorser.

The defendant was sued as the endorser of a promissory note drawn by three individuals, *in solido*, and set up in avoidance the fact that the holder of the note, the plaintiff in this

suit, had accepted from two of the drawers a certain sum, and released them from all responsibility. There was judgment for the defendant, and the plaintiff appealed.

*Seghers,* for appellant.

*Slidell,* for appellee, made the following point :

The giving of time and a fortiori the discharge of the drawer of a note, without the assent of the endorser, discharges the latter. *Chitty on Bills,* 290. *Bayly on Bills,* 223.

*Porter,* J. delivered the opinion of the court.

This is an action against the endorser of a promissory note, which had been executed by three persons who bound themselves, jointly and severally, to pay the sum therein mentioned.

The holder accepted from two of the makers, a certain sum in discharge of their part of the obligation, and sues the defendant for the balance still due on the note.

*Where three individuals are bound in solido for the whole amount of a note, if the holder accept a less sum from two of the drawers, who are released from responsibility, the endorser is discharged.*

We think the court below decided correctly in giving judgment for the defendant. All the parties to the note were bound for the whole amount, and the acceptance of a less sum from two of them, accompanied by a release from all further responsibility, weakened the recourse which the endorser would have had in paying it. We said in the case of *Millaudon* vs. *Arnous et als.,* that the holder of a note who intends resorting to his endorser, must retain the faculty on receiving his payment from the latter, to transfer to him all his rights, absolutely unimpaired, against the maker, and this is, without doubt, the true rule on the subject. *See Bayly on Bills,* 223. 3 *Martin, N. S.* 598.

*The holder of a note has no right to change the obligation of the makers without the consent of the endorser.*

It has been contended in this case, that the debtors who received a discharge were still responsible in case the co-debtor proved to be insolvent, and the article 2101, of the Louisiana Code, is cited to support the position. Admitting this to be true, the obligations of the other parties who signed the note have ceased to be absolute, and are rendered conditional. This change, the holder had no right to make, without the consent of the endorser. Difficulties in recovering

from all the obligors are cast upon him, and consequently delay in enforcing payment from those who, without the release, would be directly responsible.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.